UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VIRGINIA SILANO          :
                         :
                         :
v.                       :     CIV. NO. 3:13CV185 (JCH)
                         :
DANIEL WHEELER           :
                         :

RULING ON DEFENDANT'S MOTION TO COMPEL [DOC. #26]

Defendant Daniel Wheeler moves to compel plaintiff Virginia Silano to produce documents responsive to his requests for production dated July 1, 2013. [Doc. #26]. Plaintiff opposes defendant's motion. [Doc. #28]. For the following reasons, defendant's motion to compel [Doc. #26] is GRANTED.

**Background**

Plaintiff brings this action pro se pursuant to 42 U.S.C. §1983 against defendant Daniel Wheeler, a Trumbull, Connecticut police officer. Plaintiff alleges wrongful arrest, malicious prosecution, and negligence. [Doc. #1-3]. On November 18, 2013, plaintiff moved to amend her complaint [Doc. #29], which Judge Hall permitted. [Doc. #31].

On July 1, 2013, defendant served plaintiff with interrogatories and requests for production. [Doc. #26-1]. On July 27, 2013, plaintiff emailed defendant a Microsoft Word document with a copy of her "draft" responses, and further indicated that she was attempting to acquire responsive documents. Plaintiff thereafter represented that she was unable to obtain responsive documents from her former criminal counsel, Ralph Crozier. In an effort to assist plaintiff, defendant's

counsel prepared an authorization for records, which was provided to Attorney Crozier.  In response to the authorization, Attorney Crozier advised defendant's counsel that plaintiff possessed the majority of the documents sought.  Defendant's counsel inquired whether plaintiff possessed such documents, to which she responded "that her discovery responsibility did not extend beyond executing the authorization."  Finally, on or around September 16, 2013, plaintiff produced documents purportedly responsive to defendant's requests.  Defendant submits that requested documents are missing from plaintiff's production, including tax returns, documentation regarding compensation and unemployment benefits, and a privilege log.

**Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery.  See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). "The party

resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

**Discussion**

Defendant seeks an order compelling plaintiff to produce documents responsive to his requests for production, and a privilege log. Plaintiff claims that she has provided defendant with "all the discovery [d]efendant is entitled to."  The Court will address each of defendant's four (4) requests in turn.

>  **Request for Production No. 1: Any and all records or reports mentioned in the answers to the interrogatories, and an authorization in the form attached permitting the defendants' attorneys to inspect and receive copies of the same.**

As an initial matter, the Court finds that plaintiff has failed to meet her burden of showing why this request should be denied.  The blanket assertion that plaintiff has provided defendant with all of the discovery he is entitled to is not a proper basis for objecting to the production of documents. Accordingly, plaintiff shall produce any records or reports identified in her answers to defendant's interrogatories that are not subject to the attorney-client privilege and/or work product protection.  Alternatively, plaintiff shall notify defendant by sworn statement that no such documents exist.

>  **Request for Production No. 2: All written and recorded statements of any witnesses or party identified in responses to the above interrogatories, or any notes, diaries or chronologies that you prepared or maintained regarding this dispute.**

Plaintiff objects to request for production no. 2 on the

basis of work-product protection.[1]  Plaintiff did not produce a
privilege log for any withheld documents, nor does she present
any substantive arguments in her objection to the motion to
compel regarding the applicability of the work-product doctrine.

At this time, the Court has insufficient information to
assess plaintiff's claims of work-product protection.
Accordingly, plaintiff shall produce any documents that are <u>not
protected</u> by the attorney-client privilege and/or work-product
protection that are responsive to request no. 2.[2]  As detailed
below, for any documents plaintiff withholds on the basis of
attorney-client privilege or work-product protection, plaintiff
shall produce a privilege log that complies with Federal Rule of
Civil Procedure 26(b)(5).   If defendant then contests any
withheld documents, defendant may request this Court to conduct
an <u>in camera</u> review of the challenged documents.   Alternatively,
plaintiff shall notify defendant by sworn statement that no
documents responsive to request no. 2 exist.

> **<u>Request for Production No. 3</u>: Any and all records relating
> to any injuries you claim resulted from the incidents
> alleged in your complaint, including but not limited to,
> medical bills and attorney's fees.**

Plaintiff again fails to meet her burden of showing why the
Court should deny the production of documents responsive to this

---

[1] Defendant's interrogatory no. 7 requests "the name(s), age(s) and addresses of all witness(es) to the incidents set forth in the complaint and indicate each witness from whom a written or recorded statement has been obtained by you or your agent."  Plaintiff asserted a work-product objection "as to any and all written and recorded statements and findings resulting from her own personal efforts and the efforts of any person she requested to investigate."

[2] As discussed during the November 25, 2013 telephone status conference regarding the motion to compel, defendant is not seeking the audio tapes referenced in plaintiff's objection to the motion to compel. [Doc. #28, at ¶3].  Accordingly, plaintiff will not be required to produce these audio tapes.

request.  Indeed, plaintiff's amended complaint[3] alleges damages in the form of attorney's fees incurred as a result of the alleged wrongful arrest, malicious prosecution, and defendant's negligence. [Doc. #29-1, First Count, at ¶18; Second Count, at ¶27; Third Count, at ¶25].  Plaintiff also alleges throughout her amended complaint that she "suffered and continues to suffer" emotional distress and anguish as a result of defendant's actions.   Accordingly, the Court finds that request no. 3 is reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff shall produce any non-privileged documents that are responsive to request no. 3.  Alternatively, plaintiff shall notify defendant by sworn statement that no such documents exist.

**Request for Production No. 4: Itemized bills for each special damage, loss or expense you are claiming in this case.**

Presumably in response to this request for production, plaintiff states that her amended complaint "redacts any and all need for the [d]efendant to have her tax returns, compensation and unemployment benefits." [Doc. #28, at ¶7].  The Court disagrees. Indeed, plaintiff alleges in the amended complaint that as a result of the false arrest she "lost employment opportunities." [Doc. #28-1, Count 1, at ¶14].  This claim is also re-alleged by reference in counts two and three of the amended complaint. Plaintiff further alleges in count three of the amended complaint that the alleged malicious prosecution "severely impacted her from securing gainful employment." [Doc.

---

[3] As of the date of this ruling, plaintiff has yet to file her amended complaint in accordance with Judge Hall's ruling. [Doc. #31].

#28-1, Count 3, at ¶27].  Plaintiff seeks compensatory damages.
Accordingly, the Court finds that request no. 4 is reasonably
calculated to lead to the discovery of admissible evidence.
Indeed, the documents that defendant seek are squarely relevant
to the issue of plaintiff's damages.  See, e.g., Rhea v. Uhry,
3:05CV189(RNC), 2007 WL 926908, at *2 (D. Conn. March 27, 2007)
(quoting Yancey v. Hooten, 180 F.R.D. 203, 215 (D. Conn. 1998))
("Generally, tax returns and other information regarding income
are discoverable if relevant to the issues in a lawsuit.").
Although a Court may protect income tax returns from discovery
where the party "seeking protection demonstrates good cause to
uphold its expectation of confidentiality, as well as the
availability of reliable financial information from other
sources", plaintiff has failed to make such a showing here.
Yancey, 180 F.R.D. at 215 (citation omitted) ("[I]ncome tax
returns, even if containing some relevant financial information,
are protectable from discovery as confidential documents if the
party seeking protection demonstrates good cause to uphold its
expectation of confidentiality, as well as the availability of
reliable financial information from other sources.").  Therefore,
defendant may seek documents responsive to this request,
including those that verify plaintiff's earnings both prior to
and following the incidents alleged in the amended complaint.
Plaintiff shall accordingly produce any non-privileged documents
that are responsive to request no. 4.  Plaintiff may redact from
these documents any sensitive information, such as bank account
numbers and/or social security numbers.

**Privilege Log**

Finally, to the extent that plaintiff withholds an otherwise discoverable document on the basis of privilege or work product, Rule 26(b)(5) requires that plaintiff "describe the nature of the documents, communications, or tangible things not produced or disclosed […]." Fed. R. Civ. P. 26(b)(5)(A)(ii); see also  D. Conn. L. Civ. R. 26(e). ("[W]hen a claim of privilege or work product protection is asserted in response to a discovery request […] the party asserting the privilege or protection shall provide […] a privilege log.").  Accordingly, for any responsive document withheld on the basis of privilege or work product, plaintiff shall provide defendant with a list detailing: (1) the nature of the document withheld; (2) the author of the document; (3) the recipient(s) of the document, if any; (4) the date of the document; and (5) the protection claimed, i.e., attorney-client privilege or work-product protection.

**Conclusion**

Accordingly, defendant's motion to compel [Doc. #26] is **GRANTED**.  Within twenty (20) days of this ruling, plaintiff shall produce to defendant all non-privileged documents responsive to defendant's requests for production, and an accompanying privilege log, if applicable.  Alternatively, plaintiff shall notify defendant by sworn statement that no such documents exist.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly

erroneous" statutory standard of review. 28 U.S.C. §
636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R.
72.2. As such, it is an order of the Court unless reversed or
modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 12th day of December 2013.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE