```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

VIRGINIA SILANO                :
                               :
                               :
v.                             :      CIV. NO. 3:13CV185 (JCH)
                               :
DANIEL WHEELER                 :
                               :
```

## RULING ON PLAINTIFF'S MOTION FOR SANCTIONS FOR VIOLATION OF PROTECTIVE ORDER [DOC. #66]

Plaintiff Virginia Silano brings this action pro se pursuant to 42 U.S.C. §1983 against defendant Daniel Wheeler, a Trumbull, Connecticut police officer. Plaintiff alleges wrongful arrest and malicious prosecution. [Doc. #35-1].[1] Pending before the Court is plaintiff's motion for sanctions against defendant's attorney, Dennis Durao, for violating a protective order. [Doc. #68]. Defendant opposes plaintiff's motion. [Doc. #77]. After careful consideration, the Court **DENIES** plaintiff's motion for sanctions, as articulated below.

## BACKGROUND

On January 14, 2014, plaintiff filed a motion for protective order, asking the Court to prevent defense counsel from inquiring into the following matters at plaintiff's deposition: plaintiff's five pending criminal actions; the 1973 drowning deaths of two girls from Trumbull; matters referenced on plaintiff's privilege log; and recordings of Thomas Chetlen. [Doc. #47]. At the time of plaintiff's deposition on January 27, 2014, the Court had not yet acted on plaintiff's motion for

---

[1] Plaintiff is currently proceeding under a second amended complaint, which Judge Hall permitted over defendant's objection. [Doc. #48].

protective order, but Attorney Durao represented that he would not inquire into such matters. [Doc. #77, 2]. On February 20, 2014, Judge Hall granted plaintiff's motion for protective order, absent objection. [Doc. #49].

Plaintiff alleges that Attorney Durao violated the terms of the protective order in two respects – first, by distributing copies of her deposition transcript, which speak to portions of her privilege log, and second, by "deliberately delv[ing] into matters of the privilege log to harm the plaintiff." [Doc. #68, ¶11]. In addition to seeking sanctions, plaintiff also requests that the Court: (1) enforce the prior protective order and seal plaintiff's deposition transcript; (2) order Attorney Durao to disclose the name of each person and/or agency to whom he provided the transcript; (3) order Attorney Durao and/or his law firm to provide plaintiff with a copy of her deposition transcript free of charge; (4) order Attorney Durao and/or his law firm to pay the cost of counsel to protect plaintiff from any harm resulting from the transcript's distribution; and (5) quash the subpoena served on attorney Ralph Crozier.[2]

**LEGAL STANDARD**

Plaintiff fails to cite any rule or authority upon which she relies in seeking sanctions against Attorney Durao.  In light of her pro se status, the Court assumes that she seeks sanctions pursuant to the court's inherent power to manage its affairs.  "[F]ederal courts have 'well-acknowledged inherent

---

[2] The subpoena served on Attorney Crozier is the subject of two other motions, see doc. ##52, 67, and will be addressed in a separate ruling.

power to levy sanctions in response to abusive litigation practices." DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 135 (2d Cir. 1998) (citation omitted).  "Because of the potency of the court's inherent power, courts must take pains to exercise restraint and discretion when wielding it." Id. at 136.  As such, the Second Circuit "has required a finding of bad faith for the imposition of sanctions under the inherent power doctrine[,]" which must be shown by "(1) clear evidence or (2) harassment or delay or … other improper purposes." Id. (internal citation and quotation marks omitted; ellipses in original); see also DaCosta v. City of Danbury, No. 3:12CV1011(RNC), 2014 WL 819940, at *5 (D. Conn. March 3, 2014) (citation omitted) (Noting that only a "particularized showing will support a finding of bad faith.").

**DISCUSSION**

Plaintiff first argues that Attorney Durao violated the protective order by distributing copies of her deposition transcript.  Plaintiff alleges that Attorney Durao represented that Judge Hall's standing protective order prevented the distribution and use of the transcript in other matters.  Plaintiff also alleges that she "relied on the legal advice and honesty of Attorney Dennis Durao and [] proceeded with the deposition in good faith[.]" [Id. at ¶7].  Attorney Durao denies that he made such representations and/or provided legal advice.  Attorney Durao does, however, admit that he limitedly distributed the deposition transcript to co-defense counsel in a

pending state civil action brought by plaintiff against defendant Wheeler and other third parties.[3] Specifically, portions of plaintiff's deposition transcript were referenced in a motion for protective order. [Doc. #68, 19].[4]

The current record does not support a finding of bad faith required for the imposition of sanctions. As defendant correctly notes, there is nothing in the motion for protective order which prevents defendant from distributing the deposition transcript. Defendant is also correct that the deposition transcript is not "designated material", as defined by Judge Hall's standing protective order.[5] Nor does plaintiff allege any informal agreement with Attorney Durao that her transcript would constitute designated material. Therefore, the Court fails to find any violation of a protective order as a result of Attorney Durao's distribution of plaintiff's deposition transcript. See Burgess v. Town of Wallingford, No. 3:11-CV-1129 (CSH), 2012 WL

---

[3] Defendant Wheeler was dismissed from the state court action on March 3, 2014. [Doc. #77, 5 n. 2].

[4] The motion for protective order in the state court action requested that plaintiff be prohibited from recording defendant Cooney's deposition or any off record communications at the deposition. [Doc. #68, 20]. In support of this request, the motion references portions of plaintiff's deposition transcript where she admits to recording third parties and walking around with a recorder in her pocket. [Id.]. It is also worth noting that plaintiff has previously referenced some of these recordings in other public court filings. See, e.g., doc. #28, ¶¶3, 6; doc. #46, 1-2.

[5] Judge Hall's standing protective order provides that documents, materials and information "may be designated by the producing party" as "either (a) 'CONFIDENTIAL' or (b) 'CONFIDENTIAL ATTORNEYS' EYES ONLY.'" [Doc. #7, ¶2]. The standing protective order further goes on to provide that any such material shall not be used or disclosed for any purpose other than the litigation. [Id. at ¶5]. The standing order also states that deposition transcripts may be designated either when the testimony is recorded, or by written notice within 10 days after the producing party's receipt of the transcript. [Id. at ¶13]. There is no evidence before the Court that plaintiff took any measures to designate her deposition transcript or portions thereof in accordance with Judge Hall's standing protective order.

4344194, at *9 n. 17 (D. Conn. Sept. 21, 2012) (quoting 23 Am. Jur. 2d Depositions and Discovery § 167 (Westlaw update Aug. 2012)) ("Absent a protective order, 'the discovery rules place no [specific] limitations on what a party may do with materials obtained during discovery.'"). The Court also finds that plaintiff has failed to demonstrate any prejudice suffered as a result of the limited distribution of the transcript.  Although portions of it were utilized in support of an application for a protective order, plaintiff has failed to show (1) whether the motion was granted and (2) if so, how she was harmed by the issuance of the protective order.  Moreover, plaintiff's conclusory allegations regarding the potential use of her deposition transcript in criminal proceedings are insufficient to show prejudice, particularly in light of Attorney Durao's representation that he only provided copies of the transcript to co-counsel in the state civil action.  Finally, any alleged future prejudice plaintiff may suffer is further diminished by plaintiff's ability to obtain a copy of the deposition transcript at her own expense.

    Plaintiff next argues that Attorney Durao deliberately delved into matters on the privilege log to harm plaintiff.  Again, the current record does not support a finding of bad faith required for the imposition of sanctions.  The Court has carefully reviewed applicable portions of plaintiff's deposition transcript and agrees that plaintiff largely volunteered the information she now complains of. Indeed, plaintiff attached a

copy of the privilege log to the pending motion for sanctions, thereby making its contents a matter of public record. [Doc. #68, 14-17].  Therefore, in the absence of any clear evidence of bad faith, the Court declines to award sanctions against Attorney Durao, or otherwise order the relief plaintiff seeks.

**CONCLUSION**

Accordingly, plaintiff's motion for sanctions [Doc. #68] is **DENIED**.[6]

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 22nd day of April 2014.

                                    _____/s/_____
                                    HOLLY B. FITZSIMMONS
                                    UNITED STATES MAGISTRATE JUDGE

---

[6] In light of plaintiff's _pro se_ status, the Court construes her motions liberally and interprets her filings as raising the strongest arguments suggested.  However, this does not excuse plaintiff from a basic understanding of the Federal Rules of Civil Procedure. For example, plaintiff fails to understand the difference between the relief afforded by a protective order and an order sealing a document. Plaintiff also does not appear to understand the difference between designating a document "confidential" versus "privileged." Although the Court appreciates that plaintiff is not a lawyer, she, like all other federal litigants, must abide by the rules and procedures applicable to civil litigation before this Court. That includes understanding that the procedures applicable in state court, where she is a frequent litigant, do not necessarily apply to a federal court case.