UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VIRGINIA SILANO                    :
                                   :
                                   :
v.                                 :         CIV. NO. 3:13CV185 (JCH)
                                   :
DANIEL WHEELER                     :
                                   :

RULING ON PLAINTIFF'S MOTION FOR ORDER [Doc. #52] AND
MOTION TO QUASH SUBPOENA [Doc. #67]

Plaintiff Virginia Silano brings this action pro se
pursuant to 42 U.S.C. §1983 against defendant Daniel Wheeler, a
Trumbull, Connecticut police officer.  Plaintiff alleges
wrongful arrest and malicious prosecution. [Doc. #35-1].[1] Pending
before the Court are plaintiff's motion for order "re:
plaintiff's objections to defendant's subpoenas and requests for
depositions"[2] [Doc. #52] and motion to quash subpoena [Doc. #67].
The Court held a discovery conference on May 21, 2014, wherein
the parties discussed the pending motions for order and to
quash.  After careful consideration, the Court **GRANTS IN PART
AND DENIES IN PART** plaintiff's motion for order [Doc. #52], and
**DENIES AS MOOT** plaintiff's motion to quash [Doc. #67], as
articulated below.

**LEGAL STANDARD**

Parties may obtain discovery regarding any non-privileged
matter that is relevant to the subject matter involved in the
pending litigation. Fed. R. Civ. P. 26(b)(1). The information

---

[1] Plaintiff is currently proceeding under a second amended complaint, which
Judge Hall permitted over defendant's objection. [Doc. #48].
[2] In light of plaintiff's pro se status, the Court construes this motion as
one seeking a protective order.

sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

Notwithstanding the breadth of the discovery rules, the district courts are afforded discretion under Rule 26(c) to issue protective orders limiting the scope of discovery. Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) ("[t]he grant and nature of protection is singularly within the discretion of the district court...."). When the party seeking the protective order demonstrates good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or discovery not be had." Fed. R. Civ. P. 26(c)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Chamberlain v. Farmington Sav. Bank, 247 F.R.D. 288, 289 (D. Conn. Nov. 30, 2007) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

"Pursuant to Rule 45, any party may serve a subpoena commanding a nonparty 'to attend and testify' or to 'produce designated documents.'" Weinstein v. University of Connecticut, Civ. No. 3:11CV1906(WWE), 2012 WL 3443340, at *2 (D. Conn. Aug. 15, 2012) (quoting  Fed. R. Civ. P. 45(a)(1)(A)(iii)). Rule 45 subpoenas are subject to the relevance requirements set forth in Rule 26(b). See Fed. R. Civ. P. 45 Advisory Committee Notes to 1970 Amendment ("the scope of discovery through a subpoena is

the same as that applicable to Rule 34 and the other discovery
rules").  Upon timely motion, a Court must quash or modify a
subpoena that "requires disclosure of privileged or other
protected matter, if no exception or waiver applies; or subjects
a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(iii)-
(iv).

**DISCUSSION**

Plaintiff seeks to limit the scope of subpoenas served by
defendant on non-parties Benmar Investigations, Colucci
Investigations, and Attorney Ralph Crozier. Plaintiff also seeks
to quash the subpoena served on Attorney Crozier. The Court will
address each subpoena in turn.

1. Colucci Investigations

The Colucci Investigations subpoena seeks, "Any and all
records, including but not limited to the entire investigation
file, concerning Virginia Silano aka Virginia Marconi aka
Virginia Silano Marconi and pertaining to any matter for which
you were retained by her." [Doc. #52, Ex. A]. Plaintiff objects
on the ground that it is overly broad, unduly invasive, and not
calculated to lead to the discovery of admissible evidence.
Plaintiff seeks to limit the subpoena to work performed on her
behalf regarding the pending litigation "which concerns only
defendant's arrest of plaintiff based on false allegations of
Thomas Chetlen and her retention of Colucci to investigate the
breach of her computer system." Defendant responds that the
records sought are relevant to plaintiff's factual allegations

and likely to lead to the discovery of admissible evidence.  The defendant further argues that he is entitled to any report generated in connection with an investigation into claims of computer hacking by Chetlen, as that contention was one of the complaints voiced by plaintiff to defendant in January 2011.

The Court finds that the information sought is relevant as proffered by defendant, but finds that the subpoena as phrased is overbroad.  Accordingly, this subpoena should be limited to documents related to any investigations relating to claims of computer hacking by Thomas Chetlen and/or matters related to the allegations in plaintiff's second amended complaint.

2. Benmar Investigations

The Benmar Investigations subpoena seeks, "Any and all records, including but not limited to the entire investigation file, concerning Virginia Silano aka Virginia Marconi aka Virginia Silano Marconi and pertaining to any matter for which you were retained by her." [Doc. #52, Ex. B]. Plaintiff objects on the ground that it is overly broad, unduly invasive, and not calculated to lead to the discovery of admissible evidence. Plaintiff submits that this investigator was not retained for matters involving defendant, is a fishing expedition, and impinges on plaintiff's work product. She seeks to limit the subpoena to work performed relating to this civil matter. Defendant responds that, "upon information and belief" plaintiff retained Benmar to investigate whether certain residents of her community were working as informants for the Trumbull Police

Department. Defendant also submits that plaintiff reported this
conspiracy to him, resulting in plaintiff's arrest, which forms
the basis of the present action.  Plaintiff alleges in the
second amended complaint that defendant was provided with false
statements, which resulted in her arrest. Defendant submits that
the documents sought are relevant to these allegations, and his
defense, because the investigative records are likely to
demonstrate that plaintiff retained Benmar to corroborate her
conspiracy claim without success. This defendant submits, bears
on defendant's state of mind when responding to incidents
alleged in the second amended complaint.

The Court overrules plaintiff's objection on the basis of
work-product. The party seeking work product protection bears
the burden of proving that the sought documents were "prepared
in anticipation of litigation or for trial by or for another
party or its representative." QBE Ins. Corp. v. Interstate Fire
& Safety Equip. Co., Inc., No. 3:07cv1883(SRU), 2011 WL 692982,
at *2  (D. Conn. Feb. 18, 2011) (quoting Fed. R. Civ. P.
26(b)(3)(A)).  Mere conclusory assertions of work-product
protection, such as that alleged by plaintiff, are insufficient
to satisfy this burden. Scanlon v. Bricklayers and Allied
Craftworkers, Local No. 3, 242 F.R.D. 238, 245 (W.D.N.Y. 2007)
(citation omitted).

The Court credits defendant's proffer that the information
sought is relevant. However, as phrased the subpoena is
overbroad. At a May 21, 2014 discovery conference, plaintiff

represented that she retained and/or consulted with
investigators in her capacity as a paralegal for matters that do
not relate to the pending litigation.   Accordingly, this
subpoena should also be limited to matters related to the
allegations in plaintiff's second amended complaint.

   3. Attorney Ralph Crozier Subpoena

     The Crozier subpoena seeks, "Any and all non-privileged
records relating to Virginia Silano aka Virginia Marconi aka
Virginia Silano Marconi and your representation of her." [Doc.
#52, Ex. C]. Plaintiff objects on the ground that it is overly
broad, unduly invasive, and not calculated to lead to the
discovery of admissible evidence. Plaintiff submits that the
subpoena invades her privacy rights under the work product
doctrine. She seeks to limit the subpoena to legal work
performed relating to the claims asserted in this civil matter.
Defendant responds that Attorney Crozier represented plaintiff
in the criminal cases resulting from plaintiff's arrests, which
are the basis for this lawsuit. Defendant states that he does
not seek to question Attorney Crozier regarding his
representation of plaintiff because of privilege issues, and
only seeks non-privileged documents relating to plaintiff's
criminal cases which underlie this action.

     For the reasons stated above, the Court overrules
plaintiff's assertion of work product protection. Based on
defendant's proffer, the documents sought are relevant. However,
the subpoena as phrased is overbroad.   Accordingly, this

subpoena should be limited to any non-privileged documents relating to the state criminal actions that form the basis of this litigation.

To the extent that the Court has limited the scope of the subpoena, and defendant does not seek any privileged documents or testimony from Attorney Crozier, plaintiff's motion to quash [Doc. #67] is **DENIED AS MOOT**.

4. Location and Scheduling Depositions

Finally, plaintiff requests certain accommodations with respect to the scheduling and location of the contemplated depositions. Alternatively, plaintiff "will allow" defendant to conduct the depositions ex parte, so long as he produces copies of all documents provided at the deposition and limits the deposition to the disclosure of documents as ordered by the Court. The Court **DENIES** these requests.  Although the Court is cognizant that plaintiff is a pro se litigant, she instituted this action and therefore must accept some of the inconveniences that litigation brings, including having to travel for a non-party deposition.  Nevertheless, defendant shall use best efforts to coordinate with plaintiff the dates and times of these depositions.

**CONCLUSION**

Accordingly, for the reasons stated, plaintiff's motion for order [Doc. #52] is **GRANTED IN PART AND DENIED IN PART.** Plaintiff's motion to quash [Doc. #67] is **DENIED AS MOOT.** This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 3rd day of June 2014.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE