```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

VIRGINIA SILANO              :
                             :
                             :
v.                           :     CIV. NO. 3:13CV185 (JCH)
                             :
DANIEL WHEELER               :
                             :
```

RULING ON PLAINTIFF'S MOTION TO FOR RECONSIDERATION [Doc. #89]

Plaintiff Virginia Silano brings this action pro se pursuant to 42 U.S.C. §1983 against defendant Daniel Wheeler, a Trumbull, Connecticut police officer. Plaintiff alleges wrongful arrest and malicious prosecution. [Doc. #35-1]. On April 22, 2014, the Court denied plaintiff's motion for sanctions. [Doc. #86]. Plaintiff now seeks reconsideration of the Court's ruling. [Doc. #89]. For the reasons stated below, plaintiff's motion for reconsideration [Doc. #89] is GRANTED, and the Court ADHERES to its previous ruling.

**BACKGROUND**

On April 1, 2014, plaintiff filed a motion for sanctions alleging, inter alia, that defendant's counsel, Attorney Dennis Durao, distributed her deposition transcript in violation of a protective order entered by Judge Hall. [Doc. #68]. Because plaintiff did not cite to any rule or authority for imposing sanctions, the Court construed her motion as seeking sanctions under the Court's inherent power to manage its affairs. [Doc. #86, 2]. The Court denied plaintiff's motion for sanctions because, inter alia, it did not find a violation of the protective order relied on by plaintiff, and the record did not

support a finding of bad faith on the part of Attorney Durao. The Court also found that plaintiff failed to demonstrate any prejudice as a result of the transcript's distribution. [Doc. #86]. On May 21, 2014, the Court held a discovery conference, where the parties discussed the pending motion for reconsideration.

**STANDARD OF REVIEW**

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  "There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice." Whitserve, LLC v. GoDaddy.com, Inc., 3:11-CV-948 JCH, 2013 WL 1442449, at *1 (D. Conn. Apr. 9, 2013) (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).  "That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider." Whitserve, 2013 WL 1442449, at *1 (citing Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000)).  However, it is not "appropriate to use a motion to

reconsider solely to re-litigate an issue already decided." Conn. Com'r of Labor v. Chubb Grp. of Ins. Companies, 3:11CV00997 AWT, 2013 WL 836633, at *1 (D. Conn. Mar. 6, 2013) (quoting SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006)); see also Lego A/S v. Best-Lock Const. Toys, Inc., No. 3:11cv1586 CSH, 2013 WL 1611462, at *2 (D. Conn. Apr. 15, 2013) (citation omitted) ("A motion for reconsideration is not simply a second bite at the apple for a party dissatisfied with a court's ruling…").

**DISCUSSION**

Plaintiff seeks reconsideration because of the Court's alleged failure to consider a list of exhibits referenced on a joint agenda submitted for a discovery conference.[1] Defendant argues that plaintiff has failed to satisfy the standard for reconsideration because she does not cite to any new controlling decisions or data that the Court overlooked or could be expected to alter the Court's ruling.

Plaintiff's argument warrants a brief review of some additional background information. On April 3, 2014, the Court issued an e-filed calendar for an April 22, 2014 in-person discovery status conference. [Doc. #70]. The Court scheduled the conference to mediate pending discovery disputes, and to discuss the motion for sanctions. [Id.]. The Court requested that the parties submit a joint agenda in advance of the conference.

---

[1] The joint agenda, and related exhibit list, are attached to plaintiff's motion for sanctions. [Doc. #89, 6-7].

[Id.]. Attached to the agenda was a list of "[e]xhibits to be provided" in connection with the motion for sanctions. On April 17, 2014, defendant filed a motion to continue the discovery conference, to which plaintiff did not consent. [Doc. #78]. As is the Court's practice when parties do not agree to a continuance, the Court conducted a telephone status conference. [Doc. #79]. During the conference, plaintiff expressed concern that the decision regarding the motion for sanctions would be delayed as a result of the continuance. The Court advised that it would review the filed briefs, and schedule oral argument if warranted. Otherwise, the Court advised it would issue a ruling on the party's briefs.[2]  The Court's ruling denying the motion for sanctions followed.

    Plaintiff's assertion that the Court failed to consider any of the exhibits listed on the joint agenda is wrong. The Court considered and explicitly referenced the following exhibits: motion for protective order [Doc. #47] with exhibits (Ex. 1); Order granting motion for protective order [Doc. #49] (Ex. 2); plaintiff's amended complaint (Ex. 7); standing orders of Judge Hall (Ex. 8); and the motion for protective order filed by Esty & Buckmir (Ex. 17). Plaintiff also asserts that the Court failed to consider exhibits 3 and 4, which are affidavits regarding plaintiff's conversations with Attorney Durao on January 26 and 27, 2014.  However, the Court did consider the substance of these conversations, which are described in plaintiff's motion

---

[2] Plaintiff never filed, or otherwise submitted, the exhibits listed on the joint agenda.

for sanctions, and referenced in the Court's ruling. [Doc. #86, 3-4]. As to exhibit 9, a "[t]ranscript from discovery hearing with Judge Fitzsimmons", to date, the telephone conferences with the parties have not been held on the record.  There are no transcripts to consider. It goes without saying however, that the Court retains familiarity with prior proceedings in this matter. Therefore, despite plaintiff's protestations, the Court did not disregard all of the exhibits on the joint agenda.

The majority of the remaining exhibits relate to pending state court matters in which plaintiff is a party.[3] Plaintiff does not articulate how any of these documents is relevant to the motion for sanctions, nor does she assert how these exhibits "might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257 (citations omitted). Although other exhibits may be related to this matter[4], the Court does not see, nor does plaintiff allege, how they are relevant to the motion for sanctions. Similarly, there is no assertion regarding how these particular documents might be expected to alter the Court's decision.

---

[3] Court transcript from Silano v. Wheeler, Superior Court, FBT-CV13-603418S (Ex. 6); three operative complaints in the matters of Silano v. Cooney(s) (Ex. 12); motion for sanctions against Attorney Durao in Silano v. Wheeler, DN CV-13-6034148S (Ex. 14); list of current charges against plaintiff (Ex. 15); police incident report of Daniel Wheeler dated 2/8/11 (Ex. 17); Sworn written statements of Thomas Chetlen and William Verespy (Ex. 18); Court transcript of James Fracker (Ex. 19); Court transcript of Rae Ciardi (Ex. 20); PLA surveillance video of 2/8/11 (Ex. 21); Order of Dismissal by Judge Rush (Ex. 22); and sentencing transcript (Ex. 23).

[4] Plaintiff's settlement offer to Attorney Durao (Ex. 5); testimony, documentation, or emails from court reporter Patty Tyszka (Ex. 10); and email communications from Attorney Durao (Ex. 11).

Finally plaintiff claims the Court erred because it did not consider Exhibit 13, "Caselaw" (sic). Plaintiff failed to cite any case law in her motion for sanctions. She also does not cite any case law in the motion for reconsideration, nor does she allege that any such case law might alter the Court's ruling.

**CONCLUSION**

Therefore, upon review and for the reasons stated, the Court **GRANTS** plaintiff's motion for reconsideration [Doc. #89], and **ADHERES** to its prior ruling. There is no basis to expect that consideration any of the exhibits not previously considered by the Court would alter the denial of plaintiff's motions for sanctions.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 3rd day of June 2014.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE