```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

VIRGINIA SILANO              :
                             :
                             :
v.                           :     CIV. NO. 3:13CV185 (JCH)
                             :
DANIEL WHEELER               :
                             :
```

RULING ON DEFENDANT'S MOTION TO COMPEL AND
FOR SANCTIONS [DOC. #94]

Defendant Daniel Wheeler moves to compel pro se plaintiff Virginia Silano to appear for her continued deposition. [Doc. #94]. Defendant also seeks sanctions against plaintiff for her "deliberate refusal to attend her continued deposition." [Id.]. For the following reasons, defendant's motion to compel and for sanctions [Doc. #94] is **GRANTED IN PART AND DENIED IN PART**.

On January 27, 2014, plaintiff appeared for her deposition at the offices of defense counsel. The deposition concluded,

> **Mr. Durao**: Okay. That is all the questions I have for today. I want to keep this deposition open so I can ask Ms. Silano further questions pertaining to subject matters that are relevant to this lawsuit.
>
> **Ms. Silano**: Okay.

[Doc. #94-2, Silano Depo. Tr., Jan. 27, 2014, 22:12-17]. There is no record of plaintiff objecting to keeping the deposition open. The excerpt of the deposition transcript appended to defendant's motion reflects the deposition starting at 11:41 A.M. and ending at 5:02 P.M. [Doc. #94-2]. Defendant thereafter re-noticed plaintiff's continued deposition, which she failed to attend. In a letter to counsel, plaintiff asserted that she never "agreed" to keep her deposition open. She also stated she would not appear absent a

court order.  The Court held a discovery conference on May 21, 2014, where the parties discussed the pending motion to compel. Defense counsel represented that he seeks to question plaintiff at the continued deposition regarding certain allegations in her second amended complaint, which was not operative at the time of her first deposition.[1]

The Court **GRANTS** defendant's motion to compel plaintiff's appearance at her continued deposition. However, in light plaintiff already testifying for five hours and twenty one minutes, the Court will limit her continued deposition to two and one half hours. The Court finds that defendant's asserted basis for allowing greater than seven (7) hours of testimony is warranted on a limited basis because plaintiff's deposition occurred prior to the second amended complaint becoming operative. See Fed. R. Civ. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the Court, a deposition is limited to 1 day of 7 hours."). The parties shall endeavor to agree on a mutually agreeable date and location for plaintiff's continued deposition.

Defendant also seeks sanctions for plaintiff's failure to appear at her continued deposition. The Court in its discretion **DENIES** this request. See Fed. R. Civ. P. 37(d) (noting that a Court may impose sanctions if a party fails to appear for a properly noticed deposition).

For the reasons stated, defendant's motion to compel and for sanctions [Doc. #94] is **GRANTED IN PART AND DENIED IN PART**. This is

---

[1] Judge Hall granted plaintiff's motion to amend/correct complaint on February 19, 2014. [Doc. #48].

not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 3rd day of June 2014.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE